# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS,<br><br>    Plaintiff,<br><br>  vs.<br><br>N. EMERSON, et al.,<br><br>    Defendants. | 1:12cv01827 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Charles A. Roberts ("Plaintiff") is a prisoner proceeding pro se in this civil rights action. Plaintiff originally filed his action in the Kings County Superior Court on September 5, 2012. Defendants paid the filing fee and removed the action to this Court on November 7, 2012. Plaintiff names Correctional Sergeants Goss and M. Jones, and Correctional Officer N. Emerson as Defendants. Plaintiff's complaint is now before the Court for screening.

A.   **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.      **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that on October 24, 2011, Defendant Emerson searched his cell. Plaintiff filed an inmate appeal against Defendant Emerson for property damage and because of the condition in which he left Plaintiff's cell.

Defendant Jones interviewed Plaintiff and Defendant Emerson in relation to his inmate appeal. Defendant Emerson denied damaging any of Plaintiff's property.

On December 14, 2011, Defendant Emerson returned to search Plaintiff's cell, stating, "What are the odds I get to come back to this cell." Compl. 3. He asked Plaintiff's cellmate which shelf his things were on, and then went straight to Plaintiff's shelf. Plaintiff immediately approached Defendant Goss, Defendant Emerson's immediate supervisor, and relayed his concerns that Defendant Emerson was retaliating against him for filing the appeal. Defendant Goss stated, "Cool." Compl. 3.

Defendant Emerson came downstairs with all of Plaintiff's compact discs. Plaintiff had the same amount of compact discs during the last cell search in October. Defendant Emerson told Plaintiff to choose twelve discs and decide what he wanted to do with the rest. Plaintiff chose to destroy the remainder of the discs, and he destroyed 98 discs in the presence of Defendant Emerson and others.

Based on these allegations, Plaintiff alleges:

1.      Retaliation by Defendant Emerson;

2.      "Willful and Wanton Conduct" by Defendant Emerson;

3.      Negligence as to Defendant Goss; and

4.      Failure to Investigate by Defendant Jones.

## C. ANALYSIS

### 1. *Retaliation*

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Prisoners have a protected right to file prison grievances. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison, 668 F.3d at 1114-15; Brodheim, 584 F.3d at 1269.

Plaintiff alleges that Defendant Emerson conducted a search in retaliation for the filing of an inmate grievance against him. As a consequence of the retaliatory search, Plaintiff alleges that he suffered the loss of property. This is sufficient to state a First Amendment retaliation claim against Defendant Emerson. Defendant Emerson has already appeared in this action and the Court will instruct him to answer when appropriate.

### 2. *"Willful and Wanton Conduct"*

The exact nature of this claim is unclear. Plaintiff alleges that Defendant Emerson acted with reckless negligence and conscious disregard by ignoring his duty not to retaliate against Plaintiff. Although such conduct may be relevant to the state of mind element of a constitutional violation, there is no separate cause of action for "willful and wanton" conduct. Moreover, this claim is duplicative of Plaintiff's First Amendment claim.

Accordingly, this cause of action fails to state a claim and must be dismissed. Because amendment would be futile, leave to amend will not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.2000);

3.   *Negligence*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir.1997).

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

Here, Plaintiff alleges that Defendant Goss, as Defendant Emerson's immediate supervisor, had a duty to enforce the regulations governing the prison, and his "off putting response" to Plaintiff's request breached that duty.[1] Construed liberally, the Court finds that Plaintiff's allegations state a claim for negligence against Defendant Goss. Defendant Goss has already appeared in this action and the Court will instruct him to answer when appropriate.

---

[1] Plaintiff has alleged compliance with the California Tort Claims Act.

3.     *Failure to Investigate*

Plaintiff seeks injunctive relief for Defendant Jones' alleged failure to completely investigate Plaintiff's inmate grievance. Plaintiff contends that had Defendant Jones properly investigated the claim, Defendant Emerson would not have returned to Plaintiff's cell to retaliate against him.

The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Therefore, to the extent Plaintiff attempts to allege a constitutional violation based on Defendant Jones' failure to investigate, his claim fails.

Moreover, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. In certain situations, individuals who deny a prisoner's appeal and who had the authority and opportunity to prevent an ongoing constitutional violation, may be subject to liability under section 1983. To state such a claim, a plaintiff must allege that the individual knew about an existing or impending violation and failed to prevent it. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (supervisory official liable under § 1983 if he knew of a violation and failed to act to prevent it).

Plaintiff makes no such allegations in his complaint. Plaintiff's claim is based on his belief that had Defendant Jones "properly" investigated his appeal, the retaliatory cell search would not have occurred. Not only is such a claim purely speculative, it is also insufficient to

impose liability.  Plaintiff makes no allegation that Defendant Jones knew that a retaliatory cell search was imminent and failed to take preventative action.  While Plaintiff may not have liked the quality of Defendant Jones' investigation, it does not state a claim for a constitutional violation.

It does not appear that this claim can be amended.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.2000).

D.     **FINDINGS AND RECOMMENDATION**

Plaintiff's complaint states the following cognizable claims: (1) retaliation in violation of the First Amendment against Defendant Emerson; and (2) negligence against Defendant Goss.

The complaint does not state any further claims and it does not state any claim against Defendant Jones.  These deficiencies cannot be cured and the claims should be dismissed without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that this action proceed on the claims identified and that the remaining claims be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim under section 1983.  The Court further recommends that Defendant Jones be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __May 17, 2013__                    /s/ *Dennis L. Beck*
                                                                 UNITED STATES MAGISTRATE JUDGE