UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS,<br><br>         Plaintiff,<br><br>     v.<br><br>N. EMERSON, et al.,<br><br>         Defendants. | Case No.: 1:12cv01827 AWI DLB (PC)<br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR RECONSIDERATION<br><br>(Document 18) |

Plaintiff Charles A. Rogers ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**PROCEDURAL BACKGROUND**

This action was removed from the Kings County Superior Court on November 7, 2012. On June 20, 2013, the Court ordered that the action proceed on Plaintiff's claim for (1) retaliation in violation of the First Amendment against Defendant Emerson; and (2) negligence against Defendant Goss. The Court dismissed the remaining claims and Defendants.

Defendants filed their answer on June 28, 2013.

1

On July 3, 2013, the Court issued a Discovery and Scheduling Order. Part I of the Order requires the parties to provide initial disclosures, including names of witnesses and production of documents.

On July 17, 2013, Defendants filed a Request for Reconsideration of Part I of the Discovery and Scheduling Order. Plaintiff opposed the motion on July 31, 2013, and Defendant filed a reply on August 7, 2013.

## LEGAL STANDARD

Defendants move for reconsideration pursuant to Local Rule 303(c), which permits District Judge review of a Magistrate Judge's order. Local Rule 303(a) incorporates the "clearly erroneous" or "contrary to law" standard set forth in Federal Rule of Civil Procedure 72(a). Thus, the District Judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## DISCUSSION

Defendants correctly argue that Part I of the Discovery and Scheduling Order requires the parties to engage in disclosures similar to those required under Federal Rule of Civil Procedure 26(a)(1). Defendants are also correct in that Plaintiff is a pro se prisoner, and that such actions are generally exempt from initial disclosure requirements.

Defendants are incorrect, however, insofar as they argue that the Discovery and Scheduling Order is an improper "standing order" meant to modify the initial disclosure requirements. As the Court has previously explained in at least one other prisoner action where the Discovery and Scheduling Order has been issued, the order is a case-specific order that issued in this action "[t]o expedite the fair disposition of this action and to discourage wasteful pretrial activities." Therefore, the order is proper since "even in a case excluded . . ., the court can order exchange of similar information in managing the action under rule 16." Fed. R. Civ. P. 26(a)(1) Advisory Committee Note of 2000. The fact that a similar order has issued in other prisoner cases does not transform the order into a formal, or informal, standing order.

The Court notes that the discovery order at issue, which has been used and upheld in other actions in this Court, was implemented in light of the numerous discovery issues that were arising with increasing frequency in other pro se prisoner actions. Defendants' discovery practices were bordering on unnecessarily obstructive, and these tactics caused numerous discovery disputes that required extensive Court resources to resolve. The intent of the order, as explained above, is to discourage similar wasteful activities.

Defendants further believe that such requirements are an undue burden on the State in prisoner cases. However, again, the intent behind the order is to streamline the discovery process and ultimately reduce the overall burden on the State, the Court and the parties. Similarly, although Defendants suggest that the order deprives counsel of the exercise of professional judgment in determining how much time and effort to devote to investigation, the order requires no more than would be required under Rule 26(a), or in the ordinary course of investigating a complaint. The purpose of initial disclosures under FRCP 26(a) is "to accelerate the *exchange of basic information . . .* and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26(a)(1) Advisory Committee Note of 1993 (emphasis added). Orders such as this fall well within the vested control of a trial court to control its docket and to ensure efficient use of limited judicial resources.

Defendants also attempt to raise an issue based on the Discovery and Scheduling Order's failure to limit the disclosures to "discoverable information." While the order may not specifically state that disclosures are limited to "discoverable information," the context of the order, as well as common sense, dictate that only discoverable information need be exchanged. Indeed, the order limits Defendants' disclosures to information regarding individuals "likely to have information about Defendant(s)' claims or defenses, or who will be used to support Defendant(s)' version of the events described in the complaint." July 3, 2013, Order at 2.

Finally, insofar as Defendants object to the requirement that Defendants produce materials in the possession, custody or control of Defendants *and* CDCR, their objection fails. Defendants specifically object to the definition used in Allen v. Woodford, 2007 WL 309945 (E. D. Cal. 2007), cited in the order, and contend that they are "rank and file employees of CDCR" who do not control

3

CDCR or its documents. Mot. 10. This standard, however, requires no more than production of information for which Defendants have "the legal right to obtain" on demand. If a document does not fall within the definition of Allen, it need not be produced. Certainly, Defendants will not have "possession, custody or control" of *all* of CDCR's documents. The order does not require Defendants to produce documents that they cannot otherwise obtain in the course of their employment.

The above arguments are not persuasive and do not establish that the Discovery and Scheduling Order, in general, is contrary to law or clearly erroneous.

Insofar as Defendants request that the Court vacate the initial disclosure requirement because Plaintiff has served written discovery, the argument is without merit. That Plaintiff is able to engage in written discovery does not alter the underlying reasons for requiring a form of initial disclosure from the parties.

Accordingly, Defendants' motion is DENIED.

IT IS SO ORDERED.

Dated:   August 15, 2013                                   _____
                                                                    SENIOR DISTRICT JUDGE

4