# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS,<br><br>              Plaintiff,<br><br>     vs.<br><br>N. EMERSON,<br><br>              Defendants. | 1:12cv01827 AWI DLB PC<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DEEM RESPONSES TO<br>DISCOVERY TIMELY<br><br>(Document 24) |

   Plaintiff Charles A. Rogers ("Plaintiff") is a prisoner proceeding pro se in this civil rights action. Defendants paid the filing fee and removed the action to this Court on November 7, 2012.

   Pursuant to the Court's June 20, 2013, order, this action is proceeding on the following cognizable claims: (1) retaliation in violation of the First Amendment against Defendant Emerson; and (2) negligence against Defendant Goss.

   Defendants filed an answer to the complaint on June 28, 2013.

   The Court issued a Discovery and Scheduling Order on July 3, 2014. Pursuant to the order, the parties' initial disclosures were due on August 19, 2013. The order also indicated that responses to discovery must be served within thirty days of service of the discovery request. The discovery cut-off date is December 1, 2013.

On August 19, 2013, Defendants submitted notice to the Court that they served their initial disclosures in a timely manner.

On September 5, 2013, Plaintiff informed the Court that he mistakenly believed that Defendants' motion for reconsideration of the Discovery Order stayed the Discovery Order. Plaintiff therefore submitted his initial disclosures to Defendants on August 29, 2013.

On September 6, 2013, Defendants filed a motion to deem their responses to Plaintiff's first set of discovery timely. Plaintiff opposed the motion on September 18, 2013, and Defendants filed their reply on September 25, 2013. The motion is deemed submitted pursuant to Local Rule 230(l).

A. **LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court to extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." In determining whether delay is due to excusable neglect, the Court is to consider the danger of prejudice to the nonmoving party, the length of delay and impact upon the proceedings, the reason for the delay, including whether it was within the reasonable control of the moving party, and whether the movant acted in good faith. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993); Los Altos El Granada Investors v. City of Capitola, 583 F.3d 674, 683 (9th Cir. 2009); Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004).

B. **DISCUSSION**

By this motion, Defendants move to deem their responses to Plaintiff's first set of discovery requests timely. In his opposition, Plaintiff states that he only considers Defendants' responses to his first set of requests for admissions untimely.

According to Defendants, Plaintiff served his first set of discovery requests on July 22, 2013. Pursuant to the Court's July 3, 2013, Discovery and Scheduling Order, responses were due within thirty days, or August 21, 2013. Bajwa Decl. ¶ 3. However, because prisoner cases

routinely have a 45-day deadline to respond to discovery, counsel for Defendants mistakenly calendared the due date as 45 days, or September 5, 2013. Bajwa Decl. ¶ 4.

On August 4, 2013, Plaintiff served a second set of discovery requests and on August 15, 2013, Plaintiff served a third set. Bajwa Decl. ¶¶ 5-6.

On August 30, 2013, Defendants served their responses to Plaintiff's first and second set of discovery requests. Bajwa Decl. ¶ 8.

Defendants argue that the nine-day delay was the result of a mistake and was not intended to harass or obstruct the discovery process. Bajwa Decl. ¶ 9. Defendants contend that good cause exists because Plaintiff propounded three sets of discovery within a thirty day time period and Defendants worked diligently to respond. Defendants have responded to all discovery and argue that a slight, nine day delay does not prejudice Plaintiff because the discovery cut off is not until December 1, 2013.

The Court agrees. Counsel mistakenly calendared the discovery due date based on the discovery order used by other magistrate judges in this Court. The error was understandable. Moreover, the delay was only nine days and in no way impacts Plaintiff's ability to prosecute this action. Finally, there is no evidence that Defendants acted in bad faith.

Plaintiff appears to oppose the request only as to Defendants' responses to his requests for admissions. Presumably, based on his September 16, 2013, motion to compel, Plaintiff only opposes the requests because he seeks to have the requests deemed admitted.[1] Given the Court's overwhelming preference for adjudicating cases on the merits, Plaintiff's reasoning is not persuasive.

Plaintiff also argues that Defendants should not be excused for their neglect and he questions Defendants' timing in submitting their responses. Contrary to Plaintiff's suggestion, there is no evidence that Defendants' nine day delay is anything other than an excusable mistake.

---

[1] Plaintiff's motion to compel is pending.

3

Interestingly, Plaintiff argues that Defendants were aware of the contents of the scheduling order and "want the court to believe that they were so dim of eye that they did not notice the deadline the Court mandated for discovery responses." Opp'n 2. However, despite Plaintiff's belief, mistakes can be made without ill-intent. For example, Plaintiff requested that this Court forgive his mistaken belief that his initial disclosures were not due until the Court ruled on Defendants' motion for reconsideration. The Court *and* Defendants accepted Plaintiff's explanation, and the Court will now extend Defendants the same courtesy.

Accordingly, Defendants' motion is GRANTED and their responses to Plaintiff's Interrogatories, Set One, Request for Production of Documents, Set One, and Requests for Admissions, Set One, are deemed timely.

IT IS SO ORDERED.

Dated:     **October 3, 2013**                                        /s/ *Dennis L. Beck*
                                                                      UNITED STATES MAGISTRATE JUDGE