# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS,<br><br>    Plaintiff,<br><br>  vs.<br><br>N. EMERSON,<br><br>    Defendants. | 1:12cv01827 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO GRANT MOTION TO COMPEL<br>(Document 36)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(Document 28) |

  Plaintiff Charles A. Rogers ("Plaintiff") is a prisoner proceeding pro se in this civil rights action. Defendants paid the filing fee and removed the action to this Court on November 7, 2012.

  Pursuant to the Court's June 20, 2013, order, this action is proceeding on the following cognizable claims: (1) retaliation in violation of the First Amendment against Defendant Emerson; and (2) negligence against Defendant Goss. The discovery cut-off date is December 1, 2013.

  On September 16, 2013, Plaintiff filed a motion to compel further responses to written discovery.

  Defendants opposed the motion on October 4, 2013. Plaintiff filed a reply on October 24, 2013. The motion is deemed submitted pursuant to Local Rule 230(l).

1

A.      **PLAINTIFF'S MOTION TO GRANT MOTION TO COMPEL**

On October 17, 2013, Plaintiff filed a motion entitled, "Motion to Grant Plaintiff's Default Motion for Defendants' Failure to Oppose Plaintiff's Motion to Compel."

Plaintiff incorrectly calculates the due date of the opposition as and cites a Local Rule that is no longer in effect.  Plaintiff served the motion on September 12, 2013.  Pursuant to Local Rule 230(l) (providing for 21 days) and Federal Civil Rule of Civil Procedure 6(d) (providing for an additional 3 days when served by mail), Defendants' opposition was due a total of 24 days later, or by October 6, 2013.  Defendants' opposition was filed with the Court and served on Plaintiff on October 4, 2013, and was therefore timely.

Accordingly, the motion is DENIED.

B.      **LEGAL STANDARD**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Defendants are required to "furnish such information as is available" to him in responding to Plaintiff's interrogatories, and documents which are in his "possession, custody or control" in responding to Plaintiff's request for the production of documents.  Fed. R. Civ. P. 33(a), 34(a).  If Defendant objects to one of Plaintiff's discovery requests, it is Plaintiff's burden to demonstrate why the objection is not justified.  Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not justified.

C.      **DISCUSSION**

As threshold matter, the Court rejects Defendants' argument that the Court should not consider Plaintiff's motion because he failed to comply with the meet and confer requirements of Federal Rule 37.  The July 3, 2013, Discovery and Scheduling Order specifically states: "The

meet and confer requirement set forth in Federal Rule of Civil Procedure 37(a)(1) and Local Rule 251(b) is *waived*. Voluntary compliance is encouraged, however." (emphasis added).

1. Requests for Admission, Set One

Plaintiff first requests that the Court deem his Requests for Admissions, Set One, admitted based on Defendants' late response. On October 3, 2013, however, the Court granted Defendants' motion to deem their response timely. Accordingly, Plaintiff's request is DENIED.

2. Request for Production of Documents, Set One, Number 2

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).

Plaintiff moves to compel a further response to Request for Interrogatories, Set One, Number 2. The request seeks a "true and correct copy of your CDCR Code of Conduct and General Qualifications." Defendants objected to the request as vague and ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections, Defendants stated that the Code of Conduct and General Qualifications are contained within the California Code of Regulations and the Department Operations Manual. Defendant further explained that non-confidential sections of these regulations are located in the prison law library and are available for inspection and copying pursuant to prison policy.

Plaintiff objects mainly because Defendants failed to point him to a specific section, page or paragraph where the requested document could be found. Defendants contend, and the Court agrees, that Plaintiff's request is vague in that it does not identify the information sought with sufficient detail. The lack of specificity also prevents Defendants from determining whether the information sought is relevant. The requested documents cover a wide range of topics and surely not every section and/or provision is relevant to Plaintiff's claims. Plaintiff has not provided

additional information in his motion to compel and he fails to meet his burden of showing why the objections were not justified.

Moreover, as Defendants explained, the documents are equally available to Plaintiff in the prison law library.

Accordingly, Plaintiff's motion to compel a further response to Request for Production Number 2 is DENIED.

3.   Request for Admissions, Set Two

Finally, Plaintiff moves to compel further responses from Defendant Emerson to his Request for Admissions, Set Two, Numbers 4 and 5.

In the opposition, Defendants state that they would, in the interest of cooperation, provide supplemental responses to Numbers 4 and 5. On October 11, 2013, Defendants provided notice to the Court that supplemental responses were served on Plaintiff.

Accordingly, the Court DENIES Plaintiff's motion to compel further responses to Numbers 4 and 5 without prejudice.

IT IS SO ORDERED.

Dated:   **October 31, 2013**             /s/ *Dennis L. Beck*
                                      UNITED STATES MAGISTRATE JUDGE