# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS, | ) 1:12cv01827 AWI DLB PC |
| Plaintiff, | ) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| vs. | ) |
| N. EMERSON, | ) (Document 32) |
| Defendants. | ) |

Plaintiff Charles A. Rogers ("Plaintiff") is a prisoner proceeding pro se in this civil rights action.  Defendants paid the filing fee and removed the action to this Court on November 7, 2012.

Pursuant to the Court's June 20, 2013, order, this action is proceeding on the following cognizable claims: (1) retaliation in violation of the First Amendment against Defendant Emerson; and (2) negligence against Defendant Goss.  The discovery cut-off date is December 1, 2013.

On October 3, 2013, Plaintiff filed a motion to compel further responses to (1) Requests for Interrogatories, Set Three, Numbers 5, 6 and 7 from Defendant Emerson; and (2) Requests for Production of Documents, Set Three, Number 8, from Defendants Emerson and Goss.

1

Defendants opposed the motion on November 5, 2013, and Plaintiff filed a reply on November 20, 2013.  The motion is deemed submitted pursuant to Local Rule 230(l).

**A.      LEGAL STANDARD**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Defendants are required to "furnish such information as is available" to him in responding to Plaintiff's interrogatories, and documents which are in his "possession, custody or control" in responding to Plaintiff's request for the production of documents.  Fed. R. Civ. P. 33(a), 34(a).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden to demonstrate why the objection is not justified.  Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified.

**B.      INTERROGATORIES 5, 6 AND 7**

The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).

Interrogatory Numbers 5, 6 and 7 are similar and Defendant set forth almost identical responses.  Accordingly, the Court will summarize the requests and discuss them together.

Number 5

Have you ever been accused of harassment and/or retaliation by any inmate other than plaintiff since the beginning of your employment by the CDCR?

Number 6

Has anyone ever initiated a staff complaint against you since the beginning of your employment by the CDCR?

<u>Number 7</u>

Has any inmate ever initiated a staff complaint against you since the beginning of your employment by the CDCR?

<u>Defendant's Response</u>

Defendant Emerson sets forth the following objections: (1) overly broad as to time and subject matter; (2) compound; (3) seeks irrelevant information; (4) seeks inadmissible character evidence; (5) calls for documents protected by the official information privilege insofar as it calls for documents contained in Emerson's personnel file; and (6) may contain confidential information relating to inmates, including medical conditions and custody classification, the disclosure of which would create a safety issues for the institution and violate inmates' rights to privacy and confidentiality.  Also, as to Number 7, Defendant Emerson objected on the grounds that it was duplicative of Number 6.

In moving for a further response, Plaintiff argues that the interrogatories required a simple "yes" or "no" answer and did not require production, or identification, of any documents. Instead, Plaintiff contends that Defendant "went into a narrative that had nothing to do with the question asked."  Mot. 5.  Plaintiff argues that the information requested is relevant and that the state privileges are not applicable in federal question cases.

Plaintiff is correct that the interrogatories, as written, simply require a "yes" or "no" answer.  They do not request specific information about any incidents, nor do they request production of any related documents.  Indeed, Plaintiff confirms that he only wants a "yes" or "no" answer.  Therefore, the Court GRANTS Plaintiff's motion to compel a further response from Defendant Emerson to Interrogatory Numbers 5, 6 and 7.

**C.    REQUEST FOR PRODUCTION NUMBER 8**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the

following items in the responding party's possession, custody or control: any designated

documents or tangible things.  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).

Request for Production Number 8 requests "any and all documents demonstrating the

nature of the relationship between you and any of the other defendants in the above-captioned

case, i.e., employees, supervisors, etc."

Defendants set forth numerous objections, including their contention that the request is

compound, overly broad, vague, seeks to invade Defendants' privacy and requests confidential

information that, if released, would create a hazard to the safety and security of the institution.

Without waiving these objections, and assuming that the request was asking for the employment

positions of Defendants during the time frame at issue (October 2011 through December 2011),

Defendants set forth their positions and supervisors.  Assuming the request was asking for all

policies, procedures or practices specific to methods of investigation, disciplinary practices, and

employee penalties, the only non-privileged, responsive documents in Defendants' possession,

custody or control are contained in Title 15 of the California Code of Regulations and the

Department Operations Manual, both of which are available to Plaintiff for inspection and

copying under the institution's procedures.

In the attached privilege log, Defendants identify "Post Orders" as privileged.

Defendants contend that the documents contain confidential information, the disclosure of which

would create a hazard to the safety and security of the institution because the documents contain

information on policies, procedures and practices specific to the institution.

In his motion, Plaintiff first disputes Defendants' contention that the Post Orders are

confidential, and argues that Defendants do not elaborate on their claim of safety and security.

He also contends that insofar as Defendants cite Title 15 and the Department of Operations

Manual, they failed to provide specific code sections, paragraphs or pages where the documents

can be located.

Defendants believe that they have clearly identified Title 15 and the Department of Operations Manual as containing all non-privileged and responsive documents.  Defendants also submit the Declaration of J. Perez, Custody Captain at the California Substance Abuse Treatment Facility.  Captain Perez explains why Post Orders are confidential, and why disclosure could pose a threat to the institution.  Perez Decl. ¶¶ 1-7.

As to the Post Orders, the dispute appears to be only whether such documents are privileged.  Defendants have met their burden of providing a privilege log and a declaration setting out the safety concerns related to disclosure of the Post Orders.  In his reply, Plaintiff simply disagrees with Captain Perez's statements and sets forth his belief as to how the prison operates.  He also objects to the declaration because Captain Perez states that Post Orders contain information that "is not in post orders as outlined by the D.O.M. information…"  Reply 3.

Plaintiff has not met his burden of demonstrating that Defendants' objections are not justified.  Captain Perez, not Plaintiff, is in the best position to explain what Post Orders actually contain, whether or not such information is specified in the Department of Operations Manual.  Moreover, Plaintiff has not explained to the Court why the Post Orders are necessary in light of Defendants' claim of privilege.

Insofar as Plaintiff contends that Defendants' response is insufficient because they failed to point him to a specific section, page or paragraph where the requested document could be found, his argument fails.  Plaintiff's request is relatively vague, and the lack of specific detail in the information sought prevents Defendants from knowing exactly which sections are responsive.  Plaintiff has not provided additional information in his motion to compel.

Moreover, as Defendants explained, the documents are equally available to Plaintiff in the prison law library.

Accordingly, Plaintiff's motion to compel a further response to Request for Production Number 8 is DENIED.

**D.      ORDER**

    Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART.

Defendant Emerson SHALL submit supplemental responses to Interrogatories 5, 6 and 7, Set

Three, within 21 days of the date of service of this order.

IT IS SO ORDERED.

    Dated:   **December 4, 2013**                    /s/ *Dennis L. Beck*

                                      UNITED STATES MAGISTRATE JUDGE