UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>N. EMERSON,<br><br>　　　　　Defendants. | 1:12cv01827 AWI DLB PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(Document 42) |

　　　　Plaintiff Charles A. Rogers ("Plaintiff") is a prisoner proceeding pro se in this civil rights action. Defendants paid the filing fee and removed the action to this Court on November 7, 2012.

　　　　Pursuant to the Court's June 20, 2013, order, this action is proceeding on the following cognizable claims: (1) retaliation in violation of the First Amendment against Defendant Emerson; and (2) negligence against Defendant Goss. The discovery cut-off date was December 1, 2013.[1]

　　　　On October 28, 2013, Plaintiff filed a motion to compel further responses to (1) Request for Production of Documents, Set Five, Number 16, from Defendant Emerson; (2) Requests for

---

[1] This motion was filed prior to the discovery cut-off date and is therefore deemed timely.

1

Production of Documents, Set Five, Number 14, from Defendant Goss; and (3) Requests for Production of Documents, Set Six, Number 17, from Defendants Emerson and Goss.

Defendants opposed the motion on November 15, 2013. Plaintiff did not file a reply. The motion is deemed submitted pursuant to Local Rule 230(l).

A.     **LEGAL STANDARD**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendants are required to "furnish such information as is available" to him in responding to Plaintiff's interrogatories, and documents which are in his "possession, custody or control" in responding to Plaintiff's request for the production of documents. Fed. R. Civ. P. 33(a), 34(a).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden to demonstrate why the objection is not justified. Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant. Therefore, to the extent possible, the Court will resolve the motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.      REQUEST FOR PRODUCTION, SET FIVE, NUMBER 16**

Request for Production Number 16 requests a copy of Defendant Emerson's "annual audit of training for the year 2011."

Defendant objected on the grounds that the request is overbroad, burdensome and irrelevant.  Defendant also objected to production because the request concerned confidential peace officer documents protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041 and 1043.  Defendant Emerson indicated that he would not produce any documents.

In his motion, Plaintiff contends that state privileges are not applicable to the instant action, and that Defendant Emerson failed to provide any federal statutes that would support his refusal to produce the requested documents.

Defendant Emerson argues that the request seeks character evidence precluded by Federal Rule of Evidence 608(b).  He also contends that Plaintiff seeks employee personnel information, which is confidential and privileged.  Specifically, Defendant Emerson cites the official information privilege and contends that because the request is irrelevant and overbroad, it cannot overcome his interest in asserting the privilege.

Plaintiff is correct that federal common law governs privileges in federal question cases. Fed. R. Evid. 501.  However, to inform federal common law, courts may "borrow" applicable state law not inconsistent with federal principles.  See Soto v. City of Concord, 162 F.R.D. 603, 609 n. 2 (N.D. Cal. 1995).  Indeed, at least one state statute cited by Defendant Emerson is inconsistent with federal discovery because it requires the requesting party to show materiality. Id. (explaining that California Evidence Code section 1043 would severely limit plaintiff from gaining access to the police files in dispute).

Regardless, the Court need not decide whether Defendant's citation to state statutes is proper because Defendant relies mainly on the official information privilege, a privilege

3

available in this action.  Defendant's invocation of the privilege is misplaced, though, as it is based on his contention that disclosure would require production of "personnel information, which is confidential and privileged."  Opp. 4.  As Defendant notes, Plaintiff is not seeking his entire file.  Rather, he seeks documents related to his training in 2011, the year of the incident at issue.  It is unclear to the Court how documents relating to training would be shielded from disclosure by the official information privilege.

Defendant has also failed to carry his initial burden in citing the privilege, which requires a privilege log and an affidavit from an agency official in control of the documents.  Oyarzo v. Tuolmne Fire Dist., 2013 WL 1758798, * 9-10 (citing Soto, 162 F.R.D. at 613 and Kelly v. City of San Jose, 114 F.R.D. 653, 660-61 (N.D.Cal. 1987));  see also Randle v. Franklin, 2010 WL 3069205, at *3 (E.D.Cal. Aug.3, 2010) ("[T]he Defendant has the burden of showing that confidentiality and safety concerns override the liberal discovery procedures outlined in Fed.R.Civ.P. 26.").

Moreover, the Court disagrees with Defendant's contention that the requested documents are not relevant.  Defendant states that "the information in [his] personnel files, regarding training or otherwise, has no bearing on whether he retaliated against Rogers for having an excessive number of CDs in his cell on December 14, 2011."  Opp. 6.  Plaintiff's claim of retaliation, however, is based on retaliation for filing an inmate grievance against Defendant Emerson.  His alleged destruction of Plaintiff's CDs was simply the retaliatory action. Nonetheless, while the Court agrees that Defendant Emerson's training for the year at issue is relevant to the issues in this action, Plaintiff's request is overbroad because not all aspects of his training are relevant to the retaliatory cell search.

Accordingly, Plaintiff's motion is GRANTED IN PART and DENIED IN PART as to Request for Production, Set Five, Number 16.  Defendant Emerson SHALL produce training

records pertaining to cell searches, the inmate appeal process and retaliatory actions for the year 2011.

C.     **REQUEST FOR PRODUCTION, SET FIVE, NUMBER 14**

Request for Production Number 14 requests that Defendant Goss provide a copy of CDCR's Employee Performance Standards.

Defendant objected to the request solely because the documents are deemed confidential for the safety and security of the institution. Defendant further indicated that copies of the California Code of Regulations and the sections of the Department Operations Manual not deemed confidential are available for inspection and copying pursuant to prison policy.

In moving to compel, Plaintiff calls Defendant's confidentiality objection "murky" and faults Defendant for failing to elaborate on how safety would be in jeopardy. Mot. 3.

Defendant Goss contends that his response is adequate and cites the declaration of Employee Relations Officer J. Nichols, submitted with this motion. Officer Nichols explains that the Employee Discipline Matrix, Article 22, Section 3, outlines the informal and formal discipline procedures that all employees must adhere to. The Matrix is contained in the Department of Operations Manual section 33030.3, et seq. Nichols Decl. ¶ 3. He further indicates that there are no other disciplinary standards applicable other than those in the Matrix. Nichols Decl. ¶ 4.

Defendant fails, however, to explain why the identified documents would present a safety and/or security issue. "[M]ere recitation of the regulatory standard without further explanation is not enough for the Court to find the [contested documents] at issue to be confidential." Fisher v. Felker, 2011 WL 39124 at *3 (E.D.Cal. 2011). Instead, Defendant "must sufficiently demonstrate how allowing Plaintiff to view [allegedly privileged documents] would create a specific safety or security threat for the institution." West v. Dizon, 2013 WL 5934409, *2 (E.D. Cal. 2013) (citing Fisher, *3).

Therefore, given that confidentiality is the only objection raised, the Court cannot determine if the objection is proper. The Court makes no finding as to whether the documents requested would be relevant in the first instance.

Plaintiff's motion to compel is therefore GRANTED and Defendant Goss SHALL provide a supplemental response.

### D. REQUEST FOR PRODUCTION, SET SIX, NUMBER 17

Request Number 17 seeks "scribe notes that were taken in building 2 on D-Facility on December 4, 2011." Opp. 7.

In response, Defendants Emerson and Goss object on the grounds that the request is vague and overbroad as to the term "scribe notes." Because it is overbroad, Defendants state that they cannot determine what documents Plaintiff seeks, and therefore the documents may be privileged as implicating safety or security concerns. Defendants also contend that the request is irrelevant.

Plaintiff explains that he clarified "scribe notes" in a meet and confer letter dated October 6, 2013. He explains that scribe notes are taken by another officer who documents which officer goes into which cell during a building search. Such notes would include the building number, date, scribe name, cell number, the names of the occupants of the cell, the name of the officer searching the cell and the contents of the cell. Mot. Ex. A.

Defendants responded to the clarification by contending that the documents are confidential because they contain the names and CDCR numbers of all the inmates housed in Building 2, D-Facility, on December 4, 2011. Defendants also argued that the information is irrelevant, overbroad and burdensome. Bajwa Decl. Ex. A.

Plaintiff objects to the response because it fails to explain how the request is vague or ambiguous, or how it implicates security concerns or privacy interests.

In their opposition, Defendants present the declaration of Facility Captain S. Smith. He confirms the contents of the scribe notes and explains that they are not official documents that must be kept in the regular course of business. Smith Decl. ¶ 3. Instead, they are used by officers to document details required to prepare official documentation once the search is completed. Smith Decl. ¶ 4. Captain Smith further explains that the documents contain information about inmates, including their CDCR number and contraband seized from their cell, and are therefore deemed confidential. Smith Decl. ¶ 5. Nonetheless, because the notes are not official documents, they are only retained for approximately 60 days before being destroyed. Smith Decl. ¶ 6. Captain Smith conducted a search of Facility D for any scribe notes prepared for a building search conducted on December 14, 2011, and did not find any responsive scribe notes. Smith Decl. ¶ 7.

Given Captain Smith's statement that he searched for the requested documents but did not find any, the issue appears moot. Defendants have essentially provided a supplemental response, and Plaintiff is required to accept their statement that there are no responsive documents.[2]

### E.    <u>ORDER</u>

Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART. Defendants SHALL submit supplemental responses as described above within 21 days of the date of service of this order. The supplemental responses and any further issues related to the

///
///
///
///

---

[2] Defendants also state that in an effort to compromise, they have conceded that Defendant Emerson searched Plaintiff's cell on December 14, 2011, and confiscated CDs that were in excess of the allowable number of CDs.

responses will be deemed timely because this motion was filed prior to the December 1, 2013, discovery cut-off date.

IT IS SO ORDERED.

    Dated:   **December 17, 2013**          /s/ *Dennis L. Beck*
                                                     UNITED STATES MAGISTRATE JUDGE