# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS, | ) 1:12cv01827 AWI DLB PC<br>)<br>)<br>) ORDER DENYING PLAINTIFF'S<br>) MOTION TO COMPEL<br>)<br>) (Document 46)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | |
| vs. | |
| N. EMERSON, | |
| Defendants. | |

Plaintiff Charles A. Rogers ("Plaintiff") is a prisoner proceeding pro se in this civil rights action.  Defendants paid the filing fee and removed the action to this Court on November 7, 2012.

Pursuant to the Court's June 20, 2013, order, this action is proceeding on the following cognizable claims: (1) retaliation in violation of the First Amendment against Defendant Emerson; and (2) negligence against Defendant Goss.  The discovery cut-off date was December 1, 2013.[1]

On November 1, 2013, Plaintiff filed a motion to compel further responses to Request for Production of Documents, Set Seven, Number 19, from Defendants Emerson and Goss.

---

[1] This motion was filed prior to the discovery cut-off date and is therefore deemed timely .

Defendants opposed the motion on November 21, 2013.  Plaintiff did not file a reply.
The motion is deemed submitted pursuant to Local Rule 230(l).

**A.    LEGAL STANDARD**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Defendants are required to "furnish such information as is available" to him in responding to Plaintiff's interrogatories, and documents which are in his "possession, custody or control" in responding to Plaintiff's request for the production of documents.  Fed. R. Civ. P. 33(a), 34(a).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things.  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden to demonstrate why the objection is not justified.  Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant.  Therefore, to the extent possible, the Court will resolve the motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.    REQUEST FOR PRODUCTION, SET SEVEN, NUMBER 19**

Request for Production Number 19 requests the following documents from Defendants' personnel file: (a) class title; (b) class salary range; (c) work location; (d) work telephone

number; (e) role or function in a news worthy event; and (f) records of adverse actions, such as hearings on appeals if they do not pertain to minors, wards and patients under special circumstances.

Defendants objected on the grounds that the request is overbroad as to time and subject matter, compound and irrelevant.  Defendant also objected to production because the request seeks impermissible character evidence.  Defendants further contend that the documents are protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041 and 1043.  Finally, Defendants argued that the request was duplicative of prior responses to interrogatories and requests for production of documents.  Defendants indicated that they would not provide a further response.

In his motion, Plaintiff first argues that his request is "specific" and will lead to admissible evidence.  Plaintiff believes that the documents "could contain evidence that could be used to impeach Defendants at trial." Mot. 2.  At his deposition, Plaintiff told Defendants' counsel that he needed the salary information to request punitive damages should this matter go to trial.

Plaintiff has failed to demonstrate how the requested information is relevant.  Other than saying that the requested information *could* lead to information that *could* impeach Defendants, he provides no specific explanation as to why the requested information is relevant.  Plaintiff requests, in part, Defendants' class title, class salary range, work location and work telephone number, though it is unclear how such information could be used for impeachment.  Plaintiff is not entitled to examine portions of Defendants' personnel file in hopes that he may find helpful information.  Moreover, to the extent that Plaintiff believes that salary information is necessary for punitive damages, such a request is premature.  If and when this action proceeds to trial and a jury finds that Plaintiff is entitled to punitive damages, Plaintiff can obtain the requested information at that time.

Plaintiff also cites Department of Operations Manual section 13030.23.1 in an attempt to overcome Defendants' assertion of privilege.  This section provides that the information Plaintiff requests, i.e., class title, class salary range, work location, work telephone number, role or function in a newsworthy event and records of adverse actions, "may be released" to the public or news media upon request.  The section classifies this information as "non-personal."

Again, however, Plaintiff provides no information as to how the requested information is relevant to this action.  It is also unlikely that Plaintiff, as an incarcerated member of society, would be classified as the "public" so as to overrule the concerns that accompany Plaintiff's status.

Plaintiff also disagrees with Defendants' assertion that the request is duplicative of prior discovery requests where Defendants provided their titles of employment and job duties for the relevant time period.  While the instant request seeks more information than that provided by Defendants in the prior responses, the information Plaintiff seeks remains irrelevant.

To the extent that Plaintiff seeks prior appeals and/or complaints in his request for "records of adverse actions, such as hearings on appeals if they do not pertain to minors, wards and patients under special circumstances," his request is overbroad.

C.      **ORDER**

Based on the above, Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated:    **December 17, 2013**              _____/s/ Dennis L. Beck_
                                                            UNITED STATES MAGISTRATE JUDGE

4